**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X          19 CV
**FAZEL KHAN**

       -against-                                                                    **COMPLAINT**

                 **Plaintiff,**

**AMERICAN AIRLINES GROUP INC**

                                                           **DEMAND FOR TRIAL BY JURY**

**(all in their individual and official capacities),**

                 **Defendants.**
-------------------------------------------------------------------X

Plaintiff, FAZEL KHAN, by his attorneys, Ali and Bains P.C., as and for his Complaint, alleges as follows:

## NATURE OF THE CASE

## NATURE OF THE CASE

1. Plaintiff, Fazel Khan (hereinafter " Khan" or "Plaintiff'), complains pursuant to THE FAMILY AND MEDICAL LEAVE CT of 1993, 29 USCA Ch. 28, codified, 29 U.S.C.A. §§ 2601 *et. seq.* including §§ 2601 to 2654, 42 U.S. Code § 1983 and 42 U.S. Code § 1985 (conspiracy to deprive plaintiff of civil rights), the Americans with Disabilities Act, as amended, the Rehabilitation Act, as amended, 42 U.S.C. § 2000(e), and 42 U.S. Code § 1985 (conspiracy to deprive plaintiff of civil rights), the New York State Executive Law, Article 15, Human Rights Law,§ 290, *et. seq*. (the "NYSHRL") and New York City Human Rights Law, etc., violations of the equal protection clause, breach of the Labor Management Relations Act and breach of the duty to represent.

2. Plaintiff seeks equitable relief and monetary damages to redress the injuries he has suffered as a result of the plaintiff's violation of the Family and Leave act of 1993, unlawful termination, hostile work environment, retaliation, all based on his legal request for a family leave to care for his ill spouse and discrimination based on his wife's disability and his place of national origin, Trinidad and Tobago and

seeks to enjoin such conduct and acts in the future.

## JURISDICTION

3. Jurisdiction of this Court is proper under 42 U.S.C. § 2000(e)-(5)(f)(3) (defendants' principal place of business), 28 U.S.C. §§ 1331 (federal question) and 1343 (§§1, 2 and 4) (court of original jurisdiction) and Title VII, 42 U.S.C. § 2000(e)-(5)(f)(3).

4. Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission and was granted a right to sue letter on March 13, 2020, just as the COVID-9 pandemic closure commenced.

4. This Court also has supplemental jurisdiction over Plaintiffs state and municipal law claims under 28 U.S.C. § 1367(a).

## VENUE

5. The unlawful employment practices alleged below were committed within the State of New York, County of Queens, and defendants' principal place of business. Accordingly, venue lies in the United States District Court for the Eastern District of New York under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) (2) (where events occurred) and (d) (defendants' sufficient contacts).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about June 28, 2019, the plaintiff filed a complaint with New York City Commission on Human Rights (hereinafter "NYCCHR"). He has received no response as of today.

7. In or about March 13, 2020, the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") issued a right to sue letter.

8. Plaintiff has met all prerequisites for jurisdiction in this Court by timely filing a complaint of national origin discrimination, disability discrimination and retaliation with the

EEOC. Although the plaintiff did not file the complaint within ninety (90) days of receipt of the EEOC "right to sue letter." The COVID-9 pandemic precluded him from filing the complaint until today.

9. Plaintiff has met all prerequisites for supplemental jurisdiction in this Court by timely filing a complaint of discrimination based on national origin, disability discrimination and retaliation with the NYCCHR and filing this Complaint within 3 years of the occurrence of the acts complained of herein.

**PARTIES**

10. Plaintiff, Fazel Khan, is a male, 59 year old resident of the State of New York. He has over 40 years' experience in the maintenance and repair of ground service equipment as relating to airline service in both the United States and in Trinidad and Tobago. Since 1993 he had worked exclusively in the United States.

11. From 1993 to 2000, plaintiff worked out of Republic Airport in Farmingdale NY as a ground service equipment technician. He was the hired as a supervisor of ground service equipment unit by Jet Blue Airways from 2000 to 2006 when Jet Blue closed their maintenance department and contracted it out.

12. In 2006 he opened his own ground service equipment maintenance company and contracted to provided ground vehicle repair services the United States Postal Service, the Department of Homeland Services, Ultimate Deicing, Triangle Aviation, and others.

13. In 2015 he was hired by American Airlines Group Inc as a supervisor of ground service equipment maintenance and repair at their facilities located at John F. Kennedy and Fiorello LaGuardia airports.

14. Defendant American Airlines Group Inc. is a domestic corporation and holder of

an Air Carrier Operating Certificate pursuant to 49 USCA § 44705. Defendant operates out of multiple airports throughout the world and specifically operates out of John F. Kennedy airport and Fiorello LaGuardia Airport both located in the City of New York borough of Queens which is in the Eastern District of New York.

15. Among other facilities, the defendant is operating ground service equipment repair and maintenance facilities at both John F. Kennedy airport and LaGuardia airport. The defendant maintains and repairs the ground service equipment used to service the airplanes, including but not exclusively, fuel trucks, airplane movers, jetways, belt loaders, cargo dollies and cargo loaders.

16. From January, 2015 to September 2018 , and at all times complained of herein, the plaintiff was an employee of American Airlines Group Inc and protected by 49 U.S.C.A. § 42121 Protection of employees providing air safety information.

17. Plaintiff is a member of the class of persons protected by the ADA and other civil rights laws as defendants discriminated against him because his wife has a disability and because of his national origin.

18. Defendant retaliated against the plaintiff because the plaintiff sought to exercise his right under both the State of New York and federal Family leave provisions and because the plaintiff threatened to expose the fraudulent inspecting practices of the defendant in regards to the maintenance of the used oil drums.

STATEMENT OF FACTS

19. On January 15, 2015, plaintiff began his employment with Defendant (American Airlines). He was hired as a Supervisor, Plant/Ground Service Equipment Line Maintenance.

20. In March 2018 the plaintiff's wife was diagnosed with breast cancer. Plaintiff informed

his supervisor, Richard DiSalvo, about the diagnosis and the need for her to have her first operation, which was scheduled for May 10, 2018. He was told to apply for FMLA but stated that he would not get more than five days due to the supervisor shortage and tight schedule.

21. He applied for both the paid New York leave under Chapter 67, Article 9 section 203 of the New York State Consolidated Laws: Workman's compensation and The Family And Medical Leave Act of 1993, 29 USCA Ch. 28, codified, 29 U.S.C.A. §§ 2601 et. seq. including §§ 2601 to 2654 (FMLA).

22. His application was granted effective May 13, 2018 and he was told to return to work by May 18, 2018.

23. Plaintiff routinely discussed his wife's treatments for her cancer and told his supervisors that his wife's second operation to remove the cancer was scheduled for June 19, 2018.

24. Although plaintiff did not submit an application for further FMLA leave he did request leave to be with his wife for the second operation. He was told by Mr. Disalvo that he would deny any leave request including any FMLA request for leave.

25. Subsequent to the second operation the plaintiff's wife needed home care which the plaintiff wanted to provide.

26. The plaintiff continuously requested leave from American Airlines Group Inc so he could take care of his wife.

27. He was told by Mr. Disalvo that they were short handed and that he would deny any leave he requested.

28. In September plaintiff found out he could request a FMLA unpaid leave and New York State paid leave and told his supervisor he was going to make an application for both. He was told that they were very shorthanded and could not agree to any leave.

29. On September 27, 2018 after he told his supervisor he was going to file for both the paid and unpaid FMLA leave, he was told by his supervisor that he was being terminated and requested that he execute a termination agreement. Plaintiff refused and he was terminated effective September 25, 2018.

30. The plaintiff was eligible for the FMLA's protections; his employer was covered by the FMLA; he was entitled to take leave under the FMLA; he provided sufficient notice of her intent to take leave; and his employer terminated his employment before he could apply for the FMLA benefits to which he was entitled.

31. Immediately after his termination defendant advertised for his position in the newspapers and immediately hired a replacement for him in his job title.

32. From the commencement of his employment his supervisor, would not refer to him by his name but caller him "Trini Bobby" as a reference of his place of national origin.

33. He had on several occasions told his supervisor DiSalvo to stop calling him "Trini Bobby". He was told by the supervisor that he would not stop using "Trini Bobby" to refer to the plaintiff.

34. Upper management was aware of this because they were present when the term "Trini Bobby" was used by Mr. Desalvo. Desalvo used the term in front of Chuck Marshenko, who was a GSE supervisor and Joseph Vasquez who is the supervisor for Mr. Desalvo. They took no action.

35. Plaintiff always received the worst shifts, was last to pick vacation time and would not get any weekend off time in the warm months. Plaintiff was the only person of his title to never receive the yearly bonus.

36. On September 27, 2018. Mr DeSalvo gave plaintiff a package and told him today is last day and attempted to persuade him to sign the termination package.

37. When he inquired why was he being terminated he was told that they just wanted to change things up. He did not sign and termination agreement, was never told he was being unilaterally fired they simply vacated his access to the facility.

38. Plaintiff again mentioned to him his request for a FMLA because of his wife's treatment and was told to try and find a way to deal with it because many people go through the same.

39. Plaintiff filed a complaint with both the New York City Commission on Human Rights (NYCHR)and the United States Equal Employment Opportunity Commission (EEOC).

40. The NYCHR has yet to respond to his complaint but the EEOC on March 13, 2020 provided a "right to sue letter"

41. Complainant charges that defendants have discriminated against him in the terms, conditions, and/or privileges of his employment by subjecting him to a hostile work environment because of the disability of his wife and his national origin in violation of § 8-107(1) of the New York City Code and have damaged him thereby.

41. Complainant further charges that Respondents violated Title VII of the Civil Rights Act of 1964, as amended, ...Section 703(a)(1) of the Civil Rights Act of 1964, 42 U.S.C. s 2000e—2(a) (1), in pertinent part provides: 'It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42. Plaintiff complains that defendants violated the Family And Medical Leave Act of 1993, 29 USCA Ch. 28, codified, 29 U.S.C.A. §§ 2601 *et. seq.* including §§ 2601 to 2654, 42 U.S. Code § 1983 and in that defendant terminated plaintiff because they were aware his wife had cancer and he was going to request a FMLA leave to care for her.

43. (conspiracy to deprive plaintiff of civil rights), the Americans with Disabilities Act, as

amended, the Rehabilitation Act, as amended, 42 U.S.C. § 2000(e), and 42 U.S. Code § 1985 (conspiracy to deprive plaintiff of civil rights), the New York State Executive Law, Article 15, Human Rights Law,§ 290, *et. seq*. (the "NYSHRL") and New York City Human Rights Law, etc., violations of the equal protection clause, breach of the Labor Management Relations Act and breach of the duty to represent.

42.

43. Complainant charges that Respondents have violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* New York City Commission on Human Rights to accept this Verified Complaint on behalf of the Equal Employment Opportunity Commission, subject to the statutory limitations contained therein.

### FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII, 42 U.S. CODE § 1985, THE AMERICANS WITH DISABILITIES ACT, AS AMENDED AND THE REHABILITATION ACT, AS AMENDED

44. Plaintiff repeats, realleges and incorporates each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

45. Plaintiff complains of defendants' violation of law and prohibition against discrimination in employment based, in whole or in part, upon an employee's nation of origin and disability of spouse.

46. Plaintiff tolerated the harassment and hostile work environment created by defendants use of "Trini Bobby" to refer to plaintiff and failure to stop it

47. Defendant American Airlines Group Inc was in the unique position to take appropriate corrective action, properly supervise and discipline its agents and employees and had actual knowledge of the discriminatory and harassing conduct but failed to act and, instead, engaged in discriminatory conduct against Plaintiff by terminating him.

48. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §

2000(e), *et seq.*, and in a pattern and practice of discrimination and harassment against Plaintiff because of his national origin and disability.

49. Defendants' discriminatory and harassing acts were such that a reasonable person in Plaintiffs position would have perceived the work environment to be hostile, abusive or offensive; and Plaintiff actually perceived the work environment to be hostile, abusive or offensive.

50. Defendants' discriminatory and harassing acts were sufficiently severe or pervasive such that they affected the terms, conditions or privileges of plaintiff's employment by creating an intimidating, abusive and hostile work environment.

51. Plaintiff was fired primarily because he was going to apply for a FMLA leave to care for his wife who was suffering from Cancer.

52. The defendants were aware of this disability and terminated the plaintiff because of the disability of his wife.

53. As a direct and proximate result of Defendants' conduct, plaintiff suffered and will continue to suffer from, among other things, a significant loss of income, benefits, as well as other losses associated with the effects of defendants' conduct upon his employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effect upon the quality of his life and will prevent him from functioning as he did prior to the conduct complained of herein.

54. Further, defendants' discriminatory and harassing practices were committed with malice and/or reckless disregard and indifference to Plaintiffs protected rights.

55. As a direct result of said acts, plaintiff has suffered and continues to suffer loss of income, loss of other employment benefits, loss of career opportunities, and has suffered and

continues to suffer damages, including distress, humiliation, embarrassment, great financial expense and damage to her reputation.

56. Defendants' conduct so degraded Plaintiff physically, mentally, and emotionally that, as a proximate result of Defendants' violation of her civil rights, Plaintiff has suffered, and will continue to suffer, among other things, mental and emotional injuries.

57. Further, the acts committed by Defendants were done with malice and/or reckless indifference to Plaintiffs protected rights, such that, in addition to all the measures of relief complained of herein to which Plaintiff is entitled, Defendants should be required to pay punitive damages as punishment for their vile, indecent, and reprehensible conduct, in order to deter Defendants and others similarly situated from such conduct in the future.

58. As a direct and proximate result of Defendants' violation of Plaintiffs rights under Title VII, Defendants are liable to Plaintiff for lost wages and benefits, compensatory damages, and punitive damages in an amount to be determined at trial pursuant to 42 U.S.C. §1981 (b).

59. As a direct and proximate result of Defendants' violation of Plaintiffs rights under Title VII, Defendants are further liable to Plaintiff for attorney's fees and other equitable relief pursuant to Title VII, as amended 42 U.S.C. §2000e-5.

60. Plaintiff therefore seeks judgment against Defendants on the First Cause of Action for actual damages including loss of wages and benefits, compensatory damages, interest, attorneys fees, etc. punitive damages in an amount to be determined at trial, plus costs, disbursements, and attorney's fees, etc.

## SECONDCAUSE OF ACTION FOR RETALIATION UNDER FMLA

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs I through 59 of this Complaint with the same force and effect as if fully set forth herein.

62. This claim is also authorized and instituted pursuant to the provisions of THE FAMILY AND MEDICAL LEAVE CT of 1993, 29 USCA Ch. 28, codified, 29 U.S.C.A. §§ 2601 et. seq. including §§ 2601 to 2654 for relief based upon the unlawful employment practices and termination of the plaintiff by the above-named Defendants.

63. The termination was in retaliating against Plaintiff for attempting to file a FMSA claim and to forestall any FMLA claim.

64. When Plaintiff informed the defendants that he was going to apply for a FMLA leave to take care of his wife they forestalled this application by terminating him.o defendant Interfaith about the sexual discrimination and sexual harassment that she experienced, defendants conspired to and increased the sexual harassment and abuse.

65. Plaintiff demonstrates that he was qualified for the supervisor position he was terminated from and but for the fact that Defendants is engaged in a retaliatory practice of and/or policy of terminating employees they try to apply for FMLA.

66. Defendants retaliated against plaintiff by terminating him and refusing to restore him to employment.

67. As a direct and proximate result of Defendants' retaliatory conduct, plaintiff suffered and will continue to suffer from, among other things, a significant loss of income, benefits, as well as other losses associated with the effects of Defendants' conduct upon Plaintiff's employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effect upon the quality of his life and will prevent him from functioning as hhe did prior to the conduct complained of herein.

68. As a direct result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employment benefits, loss of career opportunities, and has suffered and

continues to suffer damages, including distress, humiliation, embarrassment, great financial expense and damage to his reputation.

69. Defendants' conduct so degraded Plaintiff physically, mentally, and emotionally that, as a proximate result of Defendants' violation of his civil rights, Plaintiff has suffered, and will continue to suffer, among other things, mental and emotional injuries.

70. Further, the acts of retaliation committed by Defendants were done with malice and/or reckless indifference to Plaintiffs protected rights, such that, in addition to all the measures of relief complained of herein to which Plaintiff is entitled, Defendants should be required to pay punitive damages as punishment for their vile, indecent, and reprehensible conduct, in order to deter Defendants and others similarly situated from such conduct in the future,

71. As a direct and proximate result of Defendants' violation of Plaintiffs rights under THE FAMILY AND MEDICAL LEAVE CT of 1993, 29 USCA Ch. 28, codified, 29 U.S.C.A. §§ 2601 et. seq. including §§ 2601 to 2654, Defendants are liable to Plaintiff for lost wages and benefits, compensatory damages, and punitive damages in an amount to be determined at trial.

72. As a direct and proximate result of Defendants' violation of Plaintiff's rights under Title VII, Defendants are further liable to Plaintiff for attorney's fees and other equitable relief pursuant to Title VII, as amended 42 U.S.C. §2000e-5.

73. Plaintiff therefore seeks judgment against Defendants on the Second Cause of Action for equitable relief as reinstatement, actual damages including loss of wages and benefits, compensatory damages and punitive damages in an amount to be determined at trial, plus costs, disbursements, and attorney's fees.

**THIRD THROUGH FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER NYSHRL §296(1)(a) AND NYC HUMAN RIGHTS LAW**

74. Plaintiff repeats and realleges each and every allegation made in this Complaint with the same force and effect as if fully set forth herein.

75. The acts committed by Defendants as set forth in this Complaint, which are all deemed a part of this cause of action, constitute an unlawful discriminatory practice against Plaintiff based on his disability and national origin in violation of NYSHRL §296 (I )(a).

76. Plaintiff, a man from Trinidad and Tobago, is a member of a protected class.

77. The acts which Plaintiff complains of herein supporting his claims for discrimination took place as a result of his membership in a protected class and all took place while he was an employee of AAG.

78. The acts and conduct complained of herein supporting Plaintiffs claims for discrimination were committed by defendant AAG and its personnel, including but not limited to all defendants who possessed and maintained direct supervisory authority over Plaintiff and co defendants and for whose acts AAG is liable.

79. The acts and conduct complained of herein supporting Plaintiff's claims for discrimination were used as a basis for decisions affecting the terms, conditions, and privileges of Plaintiffs employment.

80. As a direct and proximate result of defendants' conduct, plaintiff has suffered and will continue to suffer from, among other things, a significant loss of income, benefits, as well as other losses associated with the effects of defendants' conduct upon plaintiff's employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effect upon the quality of his life and will prevent him from functioning as he did prior to the conduct complained of herein.

81. Defendants' discriminatory conduct so degraded Plaintiff physically, mentally, and

emotionally that, as a proximate result of Defendants' violation of her civil rights, plaintiff has suffered, and will continue to suffer, among other things, mental and emotional injuries.

82. As a direct and proximate result of Defendants' violation of Plaintiff's rights under the NYSHRL and NYC Adm. Code, defendants are liable to Plaintiff for lost income, benefits, and compensatory damages in an amount to be determined at trial.

83. Plaintiff also seeks the imposition of the maximum civil fines and penalties against defendants pursuant to §297(4)(c)(vi) of the NYSHRL for their willful, wanton, and malicious conduct.

84. Plaintiff also seeks an injunction against defendants pursuant to §297(4)(c)(vi) of the NYSHRL for their willful, wanton, and malicious conduct.

85. Plaintiff therefore seeks judgment on the Third and Fourth Causes of Action for actual damages including loss of wages and benefits, compensatory damages in an amount to be determined at trial, plus costs and disbursements, a permanent injunction against future unlawful conduct and the imposition of the maximum civil fines and penalties under the NYSHRL.

**FIFTH AND SIXTH CAUSE OF ACTION FOR UNLAWFUL AND RETALIATORY CONDUCT UNDER NYSHRL §296 (7) AND THE NYC HUMAN RIGHTS LAW**

86. Plaintiff repeats and realleges each and every allegation made in this Complaint with the same force and effect as if fully set forth herein.

87. The acts committed by defendants as set forth at length in this Complaint, which are all deemed a part of this cause of action, constitute an unlawful and retaliatory conduct against Plaintiff in violation of her rights under §296 (7) of the NYSHRL and the NYC Human Rights Law.

88. The acts which Plaintiff complains of herein supporting her claim for retaliation

took place as a result of and in retaliation for, including but not limited to, complaining to her supervisors about the discriminatory conduct towards her and filing an internal charge of discrimination against all co-defendants.

89. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered and will continue to suffer from, among other things, a significant loss of income, benefits, as well as other losses associated with the effects of Defendants' conduct upon his employment, career, and life's normal pursuits, all of which has had and will continue to have an irreparably devastating effect upon the quality of his life and will prevent him from functioning as he did prior to the conduct complained of herein.

90. Defendants' conduct so degraded plaintiff physically, mentally, and emotionally that, as a proximate result of Defendants' violation of hisr civil rights, Plaintiff has suffered, and will continue to suffer, among other things, mental and emotional injuries.

91. As a direct and proximate result of Defendants' violation of Plaintiffs rights under the NYSHRL and NYC Human Rights Law, defendants are liable to Plaintiff for his lost income, benefits, and compensatory damages pursuant to NYSHRL §297(4)(c)(iii) in an amount to be determined at trial.

92. Plaintiff also seeks the imposition of the maximum civil fines and penalties against Defendants pursuant to §297(4)(c)(vi) of the NYSHRL for its willful, wanton, and malicious conduct.

93. Plaintiff therefore seeks judgment against Defendants on the Fifth and Sixth Causes of Action for actual damages including loss of wages and benefits, compensatory damages in an amount to be determined at trial, plus costs and disbursements, and the imposition of the maximum civil fines and penalties under the NYSHRL.

# SEVENTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94. Plaintiff repeats and realleges each and every allegation contained m paragraphs 1 through 150 as if more fully set forth herein.

95. By the acts complained of above, Defendants acted in a manner so shocking and outrageous that they exceeded all reasonable bounds of decency.

96. Defendants committed the acts complained of above with reckless disregard of the probability that doing so would cause severe emotional distress to Plaintiff.

97. By the acts complained of above, Defendants intended to cause and did cause Plaintiff to suffer emotional distress.

98. By reason of the foregoing, Plaintiff has been caused to suffer severe emotional distress, for which Plaintiff seeks damages, compensatory, actual, special and punitive, against

99. defendants, jointly and severally, on the Eleventh Cause of Action in an amount to be determined at trial, plus costs, disbursements, and attorney's fees.

# DEMAND FOR TRIAL BY JURY

Plaintiff repeats and realllege each and every allegation contained in this Complaint as if more fully set forth herein and demands a trial of all issues by jury.

WHEREFORE, Plaintiff demands judgment against Defendants on all Causes of Action for actual damages, including loss of wages and benefits, compensatory damages and punitive damages in an amount to be determined at trial, plus costs, disbursements attorney's fees, and other equitable and/or declaratory relief and seeks declaratory relief and or an injunction against

future unlawful conduct.

Dated: September 26, 2021
Forest Hills NY

S/S Tejinder Bains
_____
Tejinder Bains (TB7020)
Law Offices of Ali and Bains PC
189-10 Hillside Ave
Hollis NY 11423
PH: (718) 544-8000
FX: (718) 480-1244
tbains@alibainsfirm.com

# VERIFICATION

I have read the foregoing document and know the contents are true to my own knowledge except as to the matters stated upon information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to all matters not stated on my knowledge are conversations with my client, the books, records, and documents in my possession.

Queens NY
Dated: September 26, 2021

_____  _____
                                                                FAZAL KHAN

TEJINDER SINGH BAINS
NOTARY PUBLIC STATE OF NY
QUALIFIED IN NASSAU COUNTY
02BA6331355
COMM EXP 10/05/2023